ORANGE SCREEN COMPANY, PROSECUTOR, v. SEYMOUR DRAKE, DEFENDANT.

Submitted May term, 1930—Decided September 18, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Turner & Stalter*.

For the defendant, *Richard Spitz*.

PER CURIAM.

The defendant was in the employ of the prosecutor as a fitter. The prosecutor manufactured and installed screens and enclosures and the work of the defendant was to go to the place where the screens, &c., were to be placed and fit and place them.

He was paid at the rate of one dollar per hour and if traveling to and from any particular job consumed more than one hour he was paid half time. His traveling expenses were paid by the employer and if he used his own car for such purpose he was allowed a price per mile for such traveling expense.

His instructions were to go directly from his home to the particular job upon which he happened to be working and received instructions from prosecutor's office what pieces of work to undertake. He seldom went to the office or factory.

On July 13th, 1927, he left his home at 123 Osborne Terrace, Newark, to go to an installation job at 585 Prospect street, Maplewood, which he had started work upon on the preceding day.

He went by trolley and it was necessary for him to make a change of cars at Irvington Center, and while making this change and attempting to board another trolley car he was struck by an automobile and injured.

The deputy commissioner who heard the matter found that from the testimony before him the defendant was injured in an accident arising out of and in the course of his employment and awarded him compensation.

This was upon appeal affirmed by the Essex County Court of Common Pleas.

The writ of *certiorari* brings before us for review these proceedings and judgments which we are asked to set aside because there are no facts upon which to base the judgments that the defendant was injured in an accident arising out of and in the course of his employment.

We find that there was such proof and that the matter is controlled by the adjudications in *Rachels* v. *Pepoon,* 4 *N. J. Mis. R.* 40; *affirmed,* 104 *N. J. L.* 183; *Fisher* v. *Tidewater Oil Co.,* 96 *N. J. L.* 103; *affirmed,* 97 *Id.* 324; *Alberta Contracting Corp.* v. *Santomassimo,* 8 *N. J. Adv. R.* 457, and *O'Mara* v. *Kirch,* 7 *Id.* 1099.

The proceedings and judgments under review are affirmed and the writ of *certiorari* dismissed, with costs.